UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Tecfidera Antitrust Litigation* <br> This Document Relates to All Actions | Case No. 1:24-cv-07387 <br> Hon. April M. Perry <br> Hon. Young B. Kim |

**PLAINTIFFS' NOTICE OF RELATED CASE**

Class Plaintiffs[1] respectfully submit this Notice of Related Case, stating as follows:

1. Plaintiffs submit this Notice to i) alert the Court that a related case has been filed and ii) disclose to the Court that Sperling Kenny Nachwalter, LLC, one of the law firms recently appointed as interim co-lead counsel for the proposed plaintiff Class, filed that related, non-Class case on behalf of two entities that are not members of the Class. For the reasons stated below, Class Plaintiffs believe that this dual representation does not present a problem regarding the firm's continued service as interim co-lead counsel for the Class, but we wanted to disclose the issue to the Court.

2. Specifically, Class Plaintiffs allege that Defendant, Biogen Inc., conspired with the nation's largest pharmacy benefit managers and their affiliated specialty pharmacies to suppress generic competition that threatened Defendant's multiple sclerosis drug Tecfidera. Plaintiffs allege that, among other things, Biogen implemented a scheme to switch prescriptions for Tecfidera to another of its drugs, Vumerity, which Biogen falsely claimed was medically superior. Class Plaintiffs, which are health-benefit plans or the sponsors of such plans that

---

[1] "Plaintiffs" collectively refers to Local No. 1 Health Fund, Mayor and City Council of Baltimore, Teamsters Local 237 Welfare Fund and Teamsters Local 237 Retirees' Benefit Fund, New York State Teamsters Council Health and Hospital Fund, and UFCW Local 1500 Welfare Fund.

provide healthcare benefits to their members, have brought this action on behalf of themselves and as representatives of a Health Plan Class and a RICO Sub-Class.[2]

3.  The Court has appointed Hilliard Shadowen LLP ("Hilliard Shadowen") and Sperling Kenny Nachwalter LLC ("Sperling Kenny") as interim co-lead counsel and appointed additional firms as an interim executive committee. (*See* ECF # 97, Order Appointing Interim Lead Counsel and an Executive Leadership Committee.)

4.  Sperling Kenny was formed in December 2024 as the result of a merger between Kenny Nachwalter, P.A., with its principal office in Miami, Florida, and Sperling & Slater, with its principal office in Chicago, Illinois. Kenny Nachwalter has for many years represented certain retailers in antitrust actions, including Walgreen Co. ("Walgreen") and The Kroger Co. ("Kroger"). Sperling & Slater became involved in this case as counsel for Plaintiffs prior to the merger that created Sperling Kenny and the motion for appointment as interim lead counsel was filed before the merger.

5.  On September 26, 2025, Sperling Kenny filed a complaint on behalf of Walgreen and Kroger against Biogen in the Northern District of Illinois (captioned *Walgreen Co. et al. v.*

---

[2] The Health Plan Class consists of:

> All entities that purchased, paid and/or provided reimbursement for some or all of the purchase price of Vumerity, Tecfidera, and/or its AB-rated generic equivalents in any form, in the United States and its territories, for consumption by their members, insureds, or beneficiaries, other than for resale, during the period August 19, 2020 through and until the anticompetitive effects of Biogen's unlawful conduct cease (the "Class Period").

The RICO Sub-Class consist of:

> All employee welfare benefit plans that: (1) received services from one or more Co-Conspirator PBMs; and (2) purchased, paid and/or provided reimbursement for some or all of the purchase price of Vumerity, Tecfidera, and/or its AB-rated generic equivalents in any form, in the United States and its territories, for consumption by their members, insureds, or beneficiaries, other than for resale, during the period August 19, 2020 through and until the anticompetitive effects of Biogen's unlawful conduct cease (the "Class Period").

2

*Biogen, Inc.*, N.D. Ill. Case No. 1:25-cv-11680) (the "Related Case") based on materially similar alleged conduct as the class matter. In the Related Case, Walgreen and Kroger are pursuing federal antitrust claims in their own behalf and via assignment from two pharmaceutical wholesalers, AmerisourceBergen Drug Corporation and Cardinal Health, Inc. Those direct purchaser claims are not and have never been within the definition of the proposed Class.

6. Walgreen and Kroger are principally represented in the Related Case by attorneys formerly at Kenny Nachwalter. Along with Interim Co-Lead Counsel at Hilliard Shadowen, the Class is represented by attorneys formerly at Sperling & Slater. As a result of the merger, Sperling Kenny is, through different attorneys, representing both the Class and individual plaintiffs in a related case pursuing a claim that does not fall within the class definition.

7. While dual representation of this nature has been found non-objectionable on numerous occasions, counsel for the Class submit this Notice in the interest of full disclosure. *See, e.g., Mortimer v. Diplomat Pharm. Inc.*, 2019 WL 3252221 (N.D. Ill. July 19, 2019) (granting motion to appoint lead counsel in securities class action over objection that counsel represented a different class of investors in a separate lawsuit against the same defendant); *Ludlow v. Flowers Foods, Inc.*, 2022 WL 2441295 at *5 (S.D. Cal. July 5, 2022) (finding adequate representation and certifying class where "Plaintiffs' counsel is also counsel for other … plaintiffs in individual and class action lawsuits asserting similar … claims and … violations against Defendants….").

8. While the adequacy of class counsel has been questioned in circumstances where there is a limited fund for recovery—*see, e.g., Kuper v. Quantum Chem. Corp.*, 145 F.R.D. 80, 84 (S.D. Ohio 1992) (denying class certification when counsel also represented plaintiffs in another case against same defendant that had allegedly been "substantially denude[d] … of its

3

liquid assets and net worth")—or where there are conflicting claims among the respective plaintiffs—*see, e.g.*, *Williams v. Central Trans. Int'l, Inc.*, 2014 WL 5823112 at *3-4 (E.D. Mo. Nov. 7, 2014) (noting that restricting counsel from representing multiple plaintiffs in the class context is "narrowly premised" on "eliminating conflicts of interest … involv[ing] diverse groups with conflicting litigation objectives")—neither circumstance is present here. Biogen, a going concern that reported total currents assets of about $7.4 billion in its 2024 annual report,[3] does not present a limited-fund scenario. *See Mortimer*, *supra* at *6 ("Considering [defendant's] total current assets exceed $500 million, and the high likelihood that insurance coverage would come into play …, this does not appear to be a limited fund scenario…."). And, as noted above, the Class and the individual plaintiffs both assert that they have been harmed by the same Biogen conduct, so their claims are not conflicting. *See Ludlow*, *supra* at *5 ("Defendants have not identified any inherent or potential conflicts of interest that would arise from the representation of similarly situated individuals and class members with similar claims.").

9. The presence of independent co-lead counsel at Hilliard Shadowen—who are not counsel in the Related Case—is further assurance of the adequacy of Interim Co-Lead Counsel's ongoing representation here, *see Mortimer*, *supra* at *6 (presence of co-lead counsel was an "additional safeguard"), as is the fact that different attorneys at Sperling Kenny are handling the Related Case.

10. To the extent concerns regarding the dual representation arise, Interim Co-Lead Counsel are, of course, available to address them, but Plaintiffs respectfully submit that any such concerns are best addressed at the class certification stage, as reflected in various cases cited above. *See, e.g., Williams, supra* (deferring issue to class certification stage).

---

[3] *Available at* https://investors.biogen.com/static-files/bf319499-564e-4bde-9dd6-6e1dd5314d6b (page 115 of 198).

Dated: September 26, 2025        Respectfully submitted,

/s/*Joseph M. Vanek*
Joseph M. Vanek
Paul E. Slater
John P. Bjork
SPERLING KENNY NACHWALTER, LLC
321 N Clark Street, Suite 2500
Chicago, Illinois 60603
Tel: (312) 641-3200
jvanek@sperlingkenny.com
pes@sperlingkenny.com
jbjork@sperlingkenny.com

Phillip F. Cramer
Dean J. Balaes
SPERLING KENNY NACHWALTER, LLC
1221 Broadway, Suite 2140
Nashville, TN 37212
Tel: (312) 641-3200
Fax: (312) 641-6492
pcramer@sperlingkenny.com
dbalaes@sperlingkenny.com

James Almon
SPERLING KENNY NACHWALTER, LLC
1616-D Metropolitan Circle
Tallahassee, FL 32308
Tel: (850) 942-4334
Fax: (312) 641-6492
jalmon@sperlingkenny.com

Ryan T. Holt (TN BPR # 30191)
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Ave., Suite 1750
Nashville, Tennessee 37203
Tel: (615) 742-4200
rholt@srvhlaw.com

Steve D. Shadowen
Nicholas W. Shadowen
Kathryn B. Allen
HILLIARD & SHADOWEN LLP
1717 W. 6th St., Ste. 290
Austin, Texas 78703
steve@hilliardshadowenlaw.com
nshadowen@hilliardshadowelaw.com
kallen@hilliardshadowenlaw.com

5

*Counsel for Plaintiff Local No. 1 Health Fund and the Putative Class, Teamsters Local 237 Welfare Fund and Teamsters Local 237 Retirees' Benefit Fund*

Lee Albert
Brian Brooks
GLANCY PRONGAY & MURRAY LLP
230 Park Ave., Suite 358
New York. NY 10169
Tel.: (212) 682-5340
lalbert@glancylaw.com
bbrooks@glancylaw.com

*Counsel for Plaintiffs Teamsters Local 237 Welfare Fund and Teamsters Local 237 Retirees' Benefit Fund*

Carol V. Gilden
ARDC No. 6185530
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Tel: (312) 357-0370
cgilden@cohenmilstein.com

Sharon K. Robertson
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
srobertson@cohenmilstein.com

*Counsel for Plaintiff, the Mayor and City Council of Baltimore, and the Proposed Class*

Kenneth A. Wexler
Justin N. Boley
Tyler J. Story

6

WEXLER BOLEY & ELGERSMA LLP
311 S. Wacker Dr., Suite 5450
Chicago, Illinois 60606
Tel: (312) 346-2222
Email: kaw@wbe-llp.com
jnb@wbe-llp.com
tjs@wbe-llp.com

Arthur Bailey
RUPP PFALZGRAF LLC
111 West 2nd St., Suite 1100
Jamestown, New York
Tel: (716) 664-2967
bailey@ruppfalzgraf.com

*Attorneys for Plaintiff New York State Teamsters Council Health and Hospital Fund and the Putative Class*

Gregory S. Asciolla
Geralyn J. Trujillo
Alexander E. Barnett
Jonathan S. Crevier
DICELLO LEVITT LLP
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel: (646) 933-1000
gasciolla@dicellolevitt.com
gtrujillo@dicellolevitt.com
abarnett@dicellolevitt.com
jcrevier@dicellolevitt.com

*Attorneys for Plaintiff UFCW Local 1500 Welfare*

7

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on September 26, 2025, a true and accurate copy of the foregoing was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy upon all counsel of record.

<i>/s/ Joseph M. Vanek</i>